# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JOHN D. DURHAM, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:18-CV-34-WCL-PRC |
| | ) |
| WONDERFUL PISTACHIOS & | ) |
| ALMONDS LLC, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Wonderful Pistachios & Almonds invoked this Court's subject matter jurisdiction via diversity jurisdiction by removing this litigation to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff John D. Durham and Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant has alleged a sufficient amount in controversy and properly alleged that Plaintiff is a citizen of Indiana. The allegations are insufficient as to the citizenship of Defendant.

The Notice of Removal alleges that Defendant is "a citizen of the State of Delaware and the State of California because it is a Delaware limited liability company and has its principal place of business in the State of California." (Notice of Removal ¶ 20, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship. For limited liability companies, the state

whose laws under which the company was organized is not used to determine citizenship. A limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, Defendant must also allege the citizenship of those members as of the date the complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Defendant must allege the citizenship of Defendant's members, members of members, and so forth, tracing through all layers of ownership.

Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **February 27, 2018**, a supplemental jurisdictional statement that properly alleges the citizenship of all of Defendant as stated above.

SO ORDERED this 13th day of February, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT