UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JOHN D. DURHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-34-WCL-PRC |
| | ) | |
| WONDERFUL PISTACHIOS & | ) | |
| ALMONDS LLC, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the issue of subject matter jurisdiction. The Court previously ordered Defendant to file a jurisdictional statement, which it did on February 15, 2018.

Defendant alleges in its jurisdictional statement that Defendant is a limited liability company (LLC), which takes the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). "[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Defendant alleges that its sole member is an LLC (WPA Holdings LLC) whose sole member is an LLC (Wonderful Company LLC), which is "controlled by two members: Wonderful Legacy Inc. and the Stewart A. Resnick & Lynda R. Resnick Revocable Trust." (Suppl. Juris. Stmt. at 1, ECF No. 7). However, Defendant must allege who all of the members of Wonderful Company LLC are, not only its *controlling* members. Defendant properly alleges the citizenship of Wonderful Legacy Inc., but the allegations are insufficient as to the trust.

Defendant alleges that the trust has two trustees, both of whom "are residents and citizens of California." *Id.* at 2. "When the trustee sues (or is sued), the trustee's citizenship matters. And

when the beneficiary sues or is sued, or a trust litigates in its own name, again the citizenship of the party controls." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016), *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1016 (2016). If, as alleged, the trust—and not the trustees—is the member of the LLC, then the LLC takes the citizenship of the trust, which is the citizenship of the trust's members. *RTP LLC*, 827 F.3d at 692. Therefore, the allegations as to the citizenship of the trust are insufficient.

In the event that an individual's citizenship must be alleged in further jurisdictional briefing, the Court provides the following guidance. Defendant stated that the two trustees are "residents and citizens of California," which may indicate that Defendant is conflating residence with citizenship. The citizenship of an individual is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **March 1, 2018**, a second supplemental jurisdictional statement that properly alleges the citizenship of Wonderful Company LLC as stated above.

SO ORDERED this 15th day of February, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT